CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

MAY 28 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

WILLIAM ANTOINE JASPER, )
A.K.A. EDWARD A. JASPER, )
    Plaintiff, )    **Civil Action No. 7:08cv00338**
)
v. )    **MEMORANDUM OPINION**
)
JERRY W. ARMENTROUT, et al., )    By: Hon. Glen E. Conrad
    Defendants. )    United States District Judge

Plaintiff William Jasper, also known as Edward Jasper,[1] has filed this pro se civil rights action under 42 U.S.C. § 1983, seeking damages in the amount of $200,000.00 for claims arising out of an incident alleged to have occurred on July 26, 2007, at Red Onion State Prison ("ROSP"), in Pound, Virginia. Plaintiff has submitted a statement of assets, which the court construes as a request to proceed in forma pauperis. The court will deny that request, and will dismiss the instant complaint without prejudice.

According to court records, plaintiff has had well over three previous civil rights complaints dismissed on the grounds that they were frivolous, malicious, or failed to state a claim.[2] Therefore,

---

[1] Plaintiff's name is "William Antoine Jasper," but he often files complaints in the federal courts using the name "Edward Antoine Jasper." Plaintiff's Virginia Department of Corrections identification number is 290522.

[2] As "William Jasper," plaintiff has had the following complaints dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: Jasper v. Dailey, et al., 1:99cv01683 (E.D. Va. June 27, 2000); Jasper, et al. V. Harper, et al., 1:99cv01497 (E.D. Va. March 27, 2000); Jasper v. Rodriguez, et al., 7:00cv00159 (W.D. Va. May 16, 2000); Jasper v. Biggerstaff, et al., 1:01cv01059 (E.D. Va. September 17, 2001) (wherein plaintiff was explicitly notified of his "three strike" status); Jasper v. Henry, et al., 1:01cv01138 (E.D. Va. August 15, 2001); and Jasper v. Harper, et al., 1:00cv00374 (E.D. Va. March 27, 2000). Additionally, the following claims were dismissed, after the assessment of plaintiff's status as a "three striker," for plaintiff's failure to prepay the filing fee in full: Jasper v. Wilkins, et al., 1:05cv00041 (E.D. Va. April 20, 2005); Jasper v. King, et al., 1:05cv00446 (E.D. Va. July 31, 2005); Jasper v. Lyle, et al., 1:05cv00488 (E.D. Va. July 31, 2005). After the dismissal of Jasper v. Wilkins, et al., 1:05cv00041 (E.D. Va. April 20, 2005), for failure to pay the fee in full, plaintiff appealed to the United States Court of Appeals for the Fourth Circuit, which entered an order specifically remarking plaintiff's ineligibility to proceed without full prepayment of the fees because of his "three strike" status. See Fourth Circuit Case No. 05-6805 (October 6, 2005).

As "Edward Jasper," plaintiff has had the following complaints dismissed as frivolous, malicious, or for
(continued...)

plaintiff may not proceed with this action unless he either pays the $350.00 filing fee in full or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As plaintiff has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury,"[3] the court will dismiss the complaint without prejudice.[4]

---

[2](...continued)
failure to state a claim upon which relief may be granted: <u>Jasper v. Fugate</u>, 7:08cv00014 (W.D. Va. January 15, 2008); <u>Jasper v. Mullins, et al.</u>, 7:07cv00497 (W.D. Va. November 8, 2007); and <u>Jasper v. Fugate</u>, 7:07cv00556 (W.D. Va. November 29, 2007).

[3] Plaintiff, an inmate in the segregated housing unit ("SHU") at ROSP, states that, during the in-cell service of the dinner meal on July 26, 2007, the following occurred: plaintiff complained that his cup was dirty; a correctional officer examined the cup, determined that it was not dirty, and returned it to plaintiff; plaintiff insisted that the cup was dirty, and demanded to see a supervisor; the correctional officers refused to summon a supervisor, and then "assaulted" plaintiff by closing the slot on plaintiff's arm, which plaintiff refused to remove from the door slot; and plaintiff then "manage[d] to remove [his] hand and arm. . . ." Given these facts, the court finds that plaintiff's allegations fail to suggest that he faces "imminent" danger of "serious" physical harm arising from an incident alleged to have occurred during distribution of the dinner meal on July 26, 2007.
    Plaintiff previously filed a complaint regarding the alleged incident on July 26, 2007; the complaint was dismissed because plaintiff is ineligible to proceed without full payment of the filing fee unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). <u>See Jasper v. Collins, et al.</u>, Civil Action No. 7:08cv00324 (May 19, 2008). Plaintiff was further advised that it appeared that he had failed to properly exhaust all available administrative remedies as required by 42 U.S.C. § 1997e(a) and that, should he wish to re-file the complaint, he must first properly exhaust all available administrative remedies. <u>See, e.g.</u>, <u>Woodford v. Ngo</u>, 548 U.S. 81, __, 126 S. Ct. 2378, 2385-86 (2006). Plaintiff has re-submitted the complaint, supplemented with documentation of his attempts to exhaust his grievances through the administrative remedy system. Plaintiff's grievance documentation indicates that he failed to properly exhaust because of untimeliness or other procedural deficiencies. <u>Woodford</u>, 126 S. Ct. at 2384-86, upheld a district court's dismissal of a complaint upon finding that the plaintiff failed to properly exhaust all available administrative remedies where the initial grievance was rejected because it was not filed within the 15 working day period prescribed by the regulations of the California Department of Corrections. <u>See Wells v. Cain, et al.</u>, Civil Action No. 7:07-cv-00418 (W.D. Va. February 20, 2008) (applying <u>Woodford</u> and granting summary judgment in favor of defendants; plaintiff failed to properly exhaust the administrative remedies available to her through the inmate grievance system, as required by 42 U.S.C. § 1997e(a), and the grievance procedure had become unavailable to plaintiff regarding the claims at issue in the complaint because she had failed to utilize the grievance procedures in a timely fashion); <u>Cooper v. Schilling, et al.</u>, Civil Action No. 7:06-cv-00296 (W.D. Va. November 20, 2006) (Turk, S.J.), slip op. at 3-5 (Virginia inmates are required to exhaust claims in accordance with the grievance procedures established by the VDOC); <u>Davis v. Stanford</u>, 382 F. Supp. 2d 814, 818 (E.D. Va. 2004) (same); <u>Lawrence v. Va. Dep't of Corr.</u>, 308 F. Supp. 2d 709, 718 (E.D. Va. 2004) (where prison policies require inmates to file grievances within a specified time period following a complained-of event, but plaintiff is unable to do so because the period has expired, plaintiff is still required to "appeal[] [the] procedural denials to the point of exhaustion of . . . administrative remedies," <u>id.</u> at n. 14, before filing § 1983 action).

[4] It is clear that plaintiff has been notified that the Prison Litigation Reform Act provides that, if an
(continued...)

2

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to plaintiff.

**ENTER**: This _27 th_ day of May, 2008.

_Glen Conrad_

United States District Judge

---

[4](...continued)
applicant has had three actions or appeals dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, he may not proceed without prepayment of fees unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  See Fourth Circuit Case No. 05-6805 (October 6, 2005) (informing plaintiff that at least three of his actions had been dismissed by district courts and met the dismissal requirements of § 1915(g), and that "[t]he three qualifying dismissals are: Jasper v. Biggerstaff, No. 01-CV-1059 (E.D. Va. Sept. 17, 2001); Jasper v. Henry, No. 01-CV-1138 (E.D. Va. Aug. 15, 2001); and Jasper v. Rodriguez, No. 00-CV-159 (W.D. Va. May 16, 2000)"); see also Jasper v. Adams, et al., 7:08cv00011 (W.D. Va. January 24, 2008); Jasper v. Deel, et al., 7:08cv00044 (W.D. Va. January 25, 2008); and Jasper v. Honaker, et al., 7:07cv00393 (W.D. Va. January 24, 2008).  Therefore, the court will not give plaintiff additional time to pay the filing fee.

3